CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY T. WASHINGTON, ) | |
|    Plaintiff, ) | Civil Action No. 7:06cv00249 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COFFEEWOOD CORRECTIONAL, ) | By: Samuel G. Wilson |
| CENTER MEDICAL DEPT., et al., ) | United States District Judge |
|    Defendants. ) | |

Plaintiff Jeffery T. Washington, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983. Washington alleges that the defendants were deliberately indifferent to his medical needs by failing to transport him to the medical unit for his scheduled eye exam. Washington seeks $ 75,000.00 in damages. The court finds that Washington's complaint fails to state a claim upon which relief can be granted; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Washington alleges that sometime after his arrival at Coffeewood Correctional Center, he was scheduled for an optometry exam. However, on the day of the exam, correctional officers failed to transfer him to the institutional medical center for the exam. Washington claims that, as a result of the missed appointment and the potential delay in his receipt of corrective eye wear, he faces a "substantial risk of discomfort."

II.

To establish a claim of deliberate indifference under the Eighth Amendment, a plaintiff

---

[1] Further, the Coffeewood Correctional Center and the Medical Health Care Provider Agency/Prison Health Services are not "persons" and therefore, are not proper defendants in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Washington an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

must show that the defendants knew of and disregarded an objectively serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Mere allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, a mere delay in treatment or care, absent serious harm, does not state a claim of deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Washington alleges only that the defendants "neglect[ed]"to promptly transfer him to the medical unit for his scheduled eye exam, thereby forcing postponement of the exam. Washington admits that he did not have an immediate need for eye treatment, conceding that the missed exam was only a regularly scheduled and routine optometry appointment. Moreover, Washington only claims that the postponement yielded a risk of "discomfort," not harm. Thus, Washington has not alleged an objectively serious medical need or risk of harm, and his claims amount to nothing more than allegations of negligence, which are not actionable under the Eighth Amendment.

## III.

For the stated reasons, Washington's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 2nd day of May, 2006.

United States District Judge